UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MOKUBA Y. ASBERRY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:10-cv-0910 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| CORRECT CARE SOLUTIONS, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

# **M E M O R A N D U M**

The plaintiff, proceeding *pro se* and *in forma pauperis*, is incarcerated at the Davidson County Criminal Justice Center in Nashville, Tennessee. He brings this action under 42 U.S.C. § 1983 against Correct Care Solutions, the entity responsible for providing medical care to inmates at the Davidson County Criminal Justice Center; Ms. Linda Osborne, a nurse employed by Correct Care Solutions; Mr. Danny Blaylock, the grievance coordinator for the Davidson County Criminal Justice Center; and Mr. Bryon Grizzle, director of offender information for the Davidson County Criminal Justice Center. (Docket No. 1). The plaintiff alleges that he was double-billed for medication he received while incarcerated at the Davidson County Sheriff's Office facility. (*Id.*) He seeks a written apology from the defendants; compensation for his pain, suffering, and defamation of character; free medication during the course of his incarceration; and the immediate return of the money which he claims is due to him. (*Id.*)

## I.    Prison Litigation Reform Act Standard

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on

which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## II.     Section 1983 Standard

The plaintiff alleges a claim under § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## III.    Analysis

The crux of the plaintiff's complaint is that he was "double-billed" or charged twice for the same medication he received while incarcerated at the Davidson County Criminal Justice Center. Specifically, the plaintiff alleges that, on May 25, 2010, he paid six dollars ($6.00) for medical

2

services and medication, although the plaintiff did not receive the medication at that time. On a follow-up visit to the jail's medical department for the purpose of receiving the medication, the plaintiff signed a form, without reading the form first, agreeing to pay six dollars ($6.00) for his medication. According to the plaintiff, once he discovered the error, he immediately filed a grievance regarding the duplicate charges, which was sustained in part by defendant Osborne. Ultimately, by way of the jail's internal grievance process, the plaintiff was refunded three dollars ($3.00) of the six dollars ($6.00) he alleges he overpaid for the medication. (Docket No. 1 at pp. 2-3).

The plaintiff does not identify what federal constitutional provision(s) he alleges that the defendants violated. Construing the plaintiff's *pro se* allegations liberally, it appears that the plaintiff asserts a deprivation of due process claim. "Prisoners have a protected, albeit limited, interest in their inmate trust account and cannot be deprived of this interest without due process." *Thomas v. Hayes,* No. 2:04-cv-284, 2006 WL 2708267, at *7 (E.D. Tenn. Sept. 19, 2006)(citing *Hampton v. Hobbs*, 106 F.3d 1281, 1287 (6th Cir. 1997)). The framework which applies to this procedural due process claim is that announced in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Mathews* requires the court to examine the competing interests at stake and to balance: (1) the private interest affected by the official action; (2) the risk of an erroneous deprivation through the procedures used, as well as the probable value of additional procedural safeguards; and (3) the government's interest, including any fiscal and administrative burdens imposed by additional procedural requirements. *Id.* at 335; *see also Wilkinson v. Austin*, 125 S. Ct. 2384, 2395-2396 (2005) (applying *Mathews* factors to determine whether Ohio's policy governing prisoner's placement in super maximum security prison violated due process).

3

Here, the plaintiff seeks the return of three dollars ($3.00) to his inmate trust fund account, which he claims belongs to him. Though modest to a free world person, this amount is likely to be significant to a prisoner such as the plaintiff, whose inmate trust account contained only $80.17 at the time of the filing of his complaint in this action. "It goes without saying that the plaintiff has an interest in keeping his money in his account to use as he wishes (of course, within prison rules and regulations)." *Thomas*, 2006 WL 2708267, at *8. Nevertheless, the plaintiff admits that, on July 10, 2010, he signed a form obligating him to pay six dollars ($6.00) for medical treatment and medication and subsequently returned to his cell, all without having read the form he signed. (Docket No. 1 at p.3)(alleging that "once she'd completed her examination she asked me to sign what **I'd assumed** was a confirmation that I'd been seen by medical in order to receive my medication.")(emphasis added). The plaintiff states that, once he discovered the alleged error, he "immediately" filed a grievance regarding the incident. (*Id*. at p.4). He alleges that his grievance was sustained in part, resulting in a refund of three dollars ($3.00) to the plaintiff's inmate trust account. (*Id*. at p.2). He alleges that he filed appeals of the decision, but those appeals were denied. (*Id*. at p.4).

It appears that the plaintiff availed himself of the jail's internal grievance process in a timely manner and ultimately received a partial favorable result, even though the plaintiff concedes that he signed a form presented to him by a medical department staff member without having read the form. The plaintiff's grievance was heard from its inception to appeal. The plaintiff does not allege any facts suggesting that the grievance process was unfair or incomplete or that he did not have an opportunity to pursue his rights by way of the process. Under these facts, the court finds that the plaintiff has failed to state a procedural due process violation.

4

Further, the plaintiff has not alleged that any defendant deliberately twice-billed him. A successful § 1983 claimant must establish that the defendant acted knowingly or intentionally to violate his or her constitutional rights; mere negligence, recklessness, or mistakes are insufficient. *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986); *Ahlers v. Schebil*, 188 F.3d 365, 373 (6th Cir. 1999); *Howard v. Grinage*, 6 F.3d 410, 415 (6th Cir. 1993). Thus, even if the plaintiff had shown that a procedural due process violation had occurred as a result of the alleged double-billing, the plaintiff's claim still would fail because he has not alleged that any defendant acted knowingly or intentionally to violate the plaintiff's constitutional right to due process.

## IV. Conclusion

For these reasons, the court finds that the plaintiff's complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. Accordingly, the plaintiff's complaint will be dismissed.

An appropriate Order will be entered.

_____
Aleta A. Trauger
United States District Judge